IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **FREDERICK W. HOTZ,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| **OWENS &MINOR DISTRIBUTION, INC.** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Frederick W. Hotz, complains of Defendant, Owens & Minor Distribution, Inc. under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C §621, *et seq.*, and the Texas Commission on Human Rights Act ("TCHRA"), TEX. LABOR CODE §21.001, *et seq.* For these causes of actions, Plaintiff respectfully states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Frederick W. Hotz (hereinafter "Hotz" or "Plaintiff") is a 52-year-old Mexican American male and resident of Chico, Texas, Texas. His date of birth is July 19,1969.

2. Defendant Owens & Minor Distribution, Inc. (hereinafter "Owens" or 'Defendant") is a Virginia corporation with corporate headquarters in Mechanicsville, VA. At all times material to Plaintiff's claims, Owens conducted business in the state of Texas and employed plaintiff in Texas. The cause of action asserted herein arose from and are connected to the purposeful acts committed by Owens during plaintiff's employment in Texas. Owens may be served with process by serving its registered agent, C T Corporation System, 1999 Bryan Street,

Suite 900 Dallas, TX. 75201

3. This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C §§ 1332, 1331 and 1343, and 29 U.S.C. §626. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. §1367 because those claims are so related to Plaintiff's claims within the Court's original jurisdiction that they form part of the same case and controversy.

4. A substantial portion of the acts and omissions giving rise to the Plaintiff's claims occurred in Flower Mound, Texas. The Defendant conducts business all over the state of Texas, including the Eastern District of Texas. The Defendant is subject to personal jurisdiction in the Eastern District of Texas, Sherman Division. Venue is therefore proper in this district and division under 28 U.S.C. §1391.

## FACTUAL BACKGROUND

### *Owens is an "Employer" Under the ADEA and TCHRA*

5. Plaintiff began his employment with the Defendant on or about July 2, 2018.

6. Owens & Minor is a global healthcare solutions company that incorporates product manufacturing, distribution support, and innovative technology services to deliver significant and sustained value across the breadth of the industry – from acute care to patients in their home. Aligned to its Mission of Empowering their Customers to Advance Healthcare, more than 15,000 global teammates serve over 4,000 healthcare industry customers.

7. Owens is an "employer" as that term is defined in 29 U.S.C. §630(b) and TEX. LABOR CODE §21.002(8).

8. Hotz began work for Owens in July 2018.

9. Hotz was initially recruited to be the General Manager at the facility in Flower Mound, Texas, however those discussions ended due to salary restrictions. Then Owens again

recruited Hotz, this time to supervise three distribution centers in Houston, Austin and Harlingen, which were all poorly performing.

10. Initially, Hotz was reporting to David Lin.  Hotz later reported to Brian Leutz.

11. Hotz had a pre-paid three-week trip planned and the time off had been previously approved by David Lin.

12. Then, Leutz refused to acknowledge the arrangement for the three-week absence that had been made with David Lin.

13. Hotz advised Leutz, that other persons in management, could confirm the agreement. Leutz after confirming the agreement, became aggressive and hostile to Hotz.

14. Then Leutz gave Hotz a written reprimand on August 28, 2019. Leutz also told Hotz to resign.   The reprimand was false and Hotz provided a written response and included human resources in the communication.

15. Then Hotz complained to Human Resource Specialist, Elise Mayfield in Flower Mound and other human resource generalists in Atlanta, Georgia that Leutz was discriminating against him.

16. Hotz was born in Mexico City, Mexico and is bi-lingual.  Leutz would criticize Hotz for speaking Spanish at work, although necessary.  Hotz had dramatically improved the areas he managed.

17. Then Leutz either resigned or was terminated on or about September 13, 2019, for inappropriate conduct.

18. Then Hotz was terminated on October 14, 2019, for pre-textual reasons and in retaliation for his protected activity.

19. Hotz believes and avers he was replaced by someone under 40 years of age or is

Plaintiff's Complaint Page | 3

substantially younger and not of Mexican origin.  That person is Jason Kodra.

## ADMINISTRATIVE PROCEDURES

20. Hotz timely filed a charge based on employment discrimination against the Defendant with the Texas Workforce Commission, Civil Rights Division and the U.S. Equal Employment Opportunity Commission within 180/300 days after the occurrence of the unlawful employment practice.  Pursuant to § 21.254 of the Texas Labor Code, Hotz filed the original lawsuit within 60 days of the date on which he received a notice of the right to file a civil action.  He is also filing within 90 days of the receipt of his right to sue from the EEOC.

All conditions precedent to bring this action have been satisfied.

## DISCRIMINATION

21.     The Defendant followed a policy and practice of discrimination against Hotz because of his age (51) and National Origin in violation of the Title 21 of the Texas Labor Code, Title VII and the ADEA.  The discriminatory practices and policies include, but are not limited to the following:

(a)     Discriminating against Hotz in the terms, conditions and privileges of employment;

(b)     Termination of Hotz's employment; and

(c)     Retaliating against Hotz in violation of the Acts:

## DAMAGES

22.     As a further result of the Defendant's actions, Hotz has been and is being deprived of income in the form of wages and prospective retirement benefits, and other benefits due to him as an employee because of his age, national origin and retaliation in a sum to be proven at trial.

Plaintiff's Complaint Page | 4

23. Hotz was earning approximately $14,000.00 per month prior to termination. Thus, Hotz is entitled to recover the earnings and benefits lost in the past from the date of termination up until the present.

24. Hotz was approximately 51 years of age when the Defendant terminated his employment, and had a work-life expectancy of approximately 15 years. Thus, Hotz is entitled to recover the earnings and benefits that in reasonable probability will be lost in the future.

25. Defendants' conduct toward Hotz caused emotional pain and suffering, mental anguish and/or other nonpecuniary losses, for which Hotz seeks compensatory damages.

26. Hotz's harm was a result of the Defendants' malice or reckless indifference to Hotz's protected rights, thus Hotz seeks exemplary/ liquidated damages.

27. The amount of damages which Hotz seeks herein exceeds the jurisdictional minimum of this Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court grant the following:

(1) An injunction pursuant to § 21.258(a)(1) of the Texas Labor Code;

(2) Reinstatement to Plaintiff's former position of employment;

(3) Lost earnings and employee benefits in the past;

(4) Lost earnings and employee benefits that in reasonable probability will be lost in the future;

(5) Compensatory damages (which may include future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses);

(6)   Exemplary/ liquidated damages;

(7)   Costs and prejudgment interest, which may include a reasonable attorney's fee; and

(8)   Such other and further relief, both legal and equitable, to which Plaintiff may be justly entitled.

    Respectfully submitted,

**LAW OFFICES OF JOHN E. WALL, JR.**
5728 Prospect Avenue, Suite 2001
Dallas, Texas 75206-7284
(214) 887-0100 (*telephone*)
(214) 887-0173 (*telecopier*)

*/s/ John E. Wall, Jr.*
John E. Wall, Jr.
State Bar No. 20756750
Email: jwall@jwall-law.com

*Attorney for Plaintiff*

## JURY REQUEST

Plaintiff respectfully requests a jury trial.